# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THOMAS V. ROSSNAGEL,

       Plaintiff,

v.

FARMERS INSURANCE EXCHANGE,

       Defendant.

2:11-CV-677 JCM (GWF)

## ORDER

Presently before the court is defendant Farmers Insurance Exchange's (Farmers) motion to set aside default. (Doc. #11). Plaintiff Thomas Vincent Rossnagel filed a non-opposition. (Doc. #12). Farmers replied. (Doc. #13).

Plaintiff's complaint (doc. #1), filed on April 29, 2011, stems from an alleged violation of civil rights pursuant to 42 U.S.C. § 1983. It is undisputed that plaintiff properly served Farmers through its registered agent, CSC Services of Nevada, Inc. on August 24, 2011. Farmers failed to respond to the complaint, so plaintiff moved for default on October 7, 2011. The clerk of the court entered default against Farmers on October 11, 2011. Farmers filed the instant motion to set aside default on October 13, 2011.

Farmers contends that when complaints are served on CSC Services, they are forwarded to a specified paralegal at Farmers, and then directed to the appropriate individual or department. The service of process paralegal received the summons and complaint. For reasons which are unclear,

**James C. Mahan**
**U.S. District Judge**

these documents were not received by the appropriate individual at Farmers, Adam Smith. Mr. Smith, administrative counsel in the Farmers corporate legal department, was not aware that the present action had been served on Farmers until he learned of the motion for default.

Public policy favors judgment on the merits. *U.S. v. Signed Personal Check NO. 730 of Yubran S.Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Accordingly, the Federal Rules of Civil Procedure provide that a court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). In deciding whether good cause exists, a court must consider three factors: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Signed Personal Check*, 615 F. 3d at 1091 (internal quotations omitted). Here, plaintiff does not oppose the motion to set aside default. Furthermore, the court finds that the three factors weigh in favor of setting aside default and proceeding with the case on the merits.

Considering plaintiff's non-opposition and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Farmers' motion to set aside default (doc. #11) be, and the same hereby is, GRANTED and the case shall hereby proceed on the merits.

DATED November 4, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -